IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEE ANDER HALL #1636898 | § | |
| v. | § | CIVIL ACTION NO. 6:13cv682 |
| RICK THALER, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Lee Ander Hall, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hall complained of being strip searched in front of female staff members. The magistrate judge conducted an evidentiary hearing and directed four Defendants, Avantis, Brown, Jackson, and Foxworth, to answer the lawsuit. The remaining Defendants were dismissed from the lawsuit.

The four answering Defendants filed a motion for summary judgment based on Hall's failed to exhaust administrative remedies. Hall filed a response to this motion. After review of the pleadings and the summary judgment evidence, the magistrate judge determined that Hall's claim against Jackson was frivolous and that Hall failed to exhaust his administrative remedies regarding the other claims in the lawsuit. The magistrate judge therefore recommended that the lawsuit be dismissed.

In his objections, Hall states that he was allowed to proceed *pro se* and *in forma pauperis* only because he had exhausted his administrative remedies. He contends that "the grievance process

1

was used accordingly and said court had no objections," and claims that the magistrate judge "issued a court order stating defendants could not get this case dismissed on failure to exhaust remedies as stated in summary judgment." Hall does not identify what court order made such a statement, nor does any such order appear in the record. Hall did not object to the magistrate judge's conclusion that his claim against Sgt. Jackson was frivolous.

The Fifth Circuit has held that exhaustion is an affirmative defense which is properly adjudicated through summary judgment. Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010). The Defendants filed a properly supported motion for summary judgment on the issue of exhaustion and Hall filed a response to this motion. The magistrate judge reviewed the summary judgment evidence and determined that Hall had not exhausted his administrative remedies on three of his four claims. Hall has not shown error in the procedures followed or the conclusions reached by the magistrate judge.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 44) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment on the issue of exhaustion (docket no. 35) is **GRANTED** as to the claims concerning Sgt. Avantis, Lt. Brown, and Warden Foxworth. These claims are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that the Plaintiff's claims against Sgt. Jackson are **DISMISSED** as frivolous with prejudice for purposes of proceeding *in forma pauperis*. It is further

**ORDERED** that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 21st day of January, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE